# U.S. District Court

1. **Western District of North Carolina**

## Notice of Electronic Filing

The following transaction was entered on 9/4/2012 at 21:19 PM EDT and filed on 9/4/2012

| | |
|---|---|
| **Case Name:** | USA v. Gordon et al |
| **Case Number:** | [3:93-cr-00133-FDW](#) |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**TEXT-ONLY ORDER denying [187] Motion to Vacate (2255) as to David Fitzgerald Lightner (2)** *Text of Order: Defendant moves to vacate his sentence under section 2255, alleging that United States v. Simmons invalidated two prior North Carolina felony convictions which were used to enhance his federal sentence. Assuming without deciding that this Court has jurisdiction to entertain Defendant's section 2255 motion, Defendant confuses his actual term of imprisonment and/or term of probation with the fact that he personally faced a sentence in excess of one year, although he did not receive such a sentence in either case. North Carolina did not implement Structured Sentencing until 1994, The Defendant's two prior North Carolina felony convictions were from 1987 (87CRS55428) and 1988 (88CRS38143). Because both those state felony convictions were pre-Structured Sentencing, he actually did face imprisonment in excess of one year. Thus Simmons is inapplicable to the Defendant. Next, Defendant contends he is entitled to a sentence reduction based on the Fair Sentencing Act. Defendant was sentenced over a decade before the enactment of the Fair Sentencing Act and the Supreme Court's decision in Dorsey v. United States applying it retroactively to cases pending at the time. Defendant's case was not pending at the time of the time of enactment of the Fair Sentencign Act; rather it had been fully adjudicated on direct appeal and collateral review. Finally, Defendant claims that he is entitled to a sentence reduction based on the retroactive Amendment 750 to the Sentencing Guidelines. His appointed counsel (see Doc. No. 189) and this Court find that he is ineligible for the crack sentence reduction because he was sentenced pursuant to a statutory mandatory minimum. Thus Defendant's Motion to Vacate is DENIED on all grounds. So Ordered.(Pro se litigant served by US Mail.) (FDW)*
**Civil Case 3:12-cv-00544-FDW closed.**

**3:93-cr-00133-FDW-2 Notice has been electronically mailed to:**

Thomas Norman Cochran   Thomas_Cochran@fd.org, kathryn_phillips@fd.org, larry_c_jones@fd.org

Amy E. Ray amy.ray@usdoj.gov, linda.cole@usdoj.gov, lorraine.simpson@usdoj.gov

**3:93-cr-00133-FDW-2 Notice will not be electronically mailed to:**

David Fitzgerald Lightner(Terminated)
10586-058
LEE US Penitentiary
Legal Mail
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263

Matthew G. Pruden
301 E. Park Avenue
Charlotte, NC 28203

Noell P. Tin
Tin Fulton Walker & Owen, PLLC
301 East Park Avenue
Charlotte, NC 28203

Norman Butler
725 E. Trade St.
Suite 115 Court Arcade Bldg.
Charlotte, NC 28202